# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDALL GRAY WEBB,            )
                              )
    Petitioner,           )
                              )
v.                            )     1:14CR23-1
                              )     1:16CV806
UNITED STATES OF AMERICA,     )
                              )
    Respondent.           )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per now-retired United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing consecutive prison sentences of 84 and 300 months upon his guilty plea to Counts Three and Five of his Indictment, which each charged him with carry and use, by brandishing, a firearm, during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Section 924(c)"). (Docket Entries 39, 77; see also Docket Entry 1 (Indictment); Docket Entry 24 (Plea Agt.).)[1] Petitioner did not appeal (see Docket Entry 78, ¶ 8), but later did file a Letter Motion referencing "the Johnson case/Welch case" (Docket Entry 63 at 1). The Court construed that Letter Motion as collaterally challenging Petitioner's convictions based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), and, "pursuant to the General Order Governing Claims Related to Johnson

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

. . ., the Office of the Federal Public Defender [wa]s appointed to represent [Petitioner] and the [Letter M]otion [wa]s STAYED for a period of 45 days . . . to permit review by counsel" (Text Order dated July 27, 2016). Following the expiration of that stay, Petitioner (through counsel) filed a form Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 78), as well as a "Motion to Accept [the Section 2255 Motion] as Timely Filed" (Docket Entry 79). The Section 2255 Motion lists one "ground on which [Petitioner] claim[s] that [he is] being held in violation of the Constitution, laws, or treaties of the United States" (Docket Entry 78, ¶ 12): "As a result of the decision in Johnson . . ., the predicate offense relied upon by the government for conviction is no longer a 'crime of violence.'" (Id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) ("Each count of conviction alleges that Petitioner brandished a weapon in connection with the offense of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) (Hobbs Act Robbery). After Johnson, a Hobbs Act Robbery is not categorically a crime of violence.").)

Subsequently, "[i]n accordance with the Supplemental Order entered in In re: Motions Related to Claims under Johnson . . . this case [wa]s STAYED pending the decision of the Supreme Court of the United States in Dimaya v. Lynch . . . ." (Text Order dated Nov. 15, 2016.) The Court (per the undersigned Magistrate Judge)

2

thereafter extended the stay "pending the Fourth Circuit's decision[] in . . . United States v. Mathis, 16-4633(L)" (Text Order dated May 8, 2018; accord Text Order dated July 12, 2019), as well as the Supreme Court's decision in "United States v. Davis, No. 18-431" (Text Order dated Feb. 14, 2019). Following decisions in those cases, the parties filed a Joint Status Report "request[ing] that this case be released from abeyance" (Docket Entry 86 at 3) and the Court (per the undersigned Magistrate Judge) granted that request (see Text Order dated Nov. 21, 2019).

With the stay lifted, the Court should deny collateral relief. To begin, as set out above (and like many other defendants convicted of Section 924(c) crime-of-violence-related firearm offenses), Petitioner filed the Section 2255 Motion "seeking relief based on Johnson, in which the Supreme Court held that the 'residual clause' of 18 U.S.C. § 924(e)(2)'s definition of 'violent felony' [wa]s unconstitutionally vague," Dorsey v. United States, No. 1:99CR203-2, 1:16CV738, 2019 WL 3947914, at *1 (E.D. Va. Aug. 21, 2019) (unpublished) (internal citation and full case name omitted). The Section 2255 Motion (again, as set out above and akin to such motions filed by many other defendants) contends that Johnson's reasoning invalidates the similar "residual clause" portion of the definition of "crime of violence" under Section 924(c)(3), such that Petitioner's "[Section] 924(c) conviction[s]

3

should be vacated because the predicate offense no longer qualifies as a crime of violence," id. (internal parenthetical omitted)).

Consistent with the first premise of the Section 2255 Motion, "[o]n June 24, 2019, the Supreme Court held that the residual clause of [Section] 924(c)(3)'s definition of 'crime of violence' is also unconstitutionally vague." Id. (citing United States v. Davis, ___ U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019)). That holding by the Supreme Court establishes that Section 924(c)'s residual clause "cannot be used to support [a Section] 924(c) conviction. What remains is the question whether the predicate offense underlying . . . [Petitioner's Section 924(c) convictions] qualifies as a 'crime of violence under [Section] 924(c)'s force clause. If it so qualifies, [those] conviction[s] remain[] valid . . . ." Id. at *2.[2] The Court need not solicit briefing from the parties on that remaining question, because – as they already have acknowledged (see Docket Entry 86 at 2-3) – the Fourth Circuit "[has] conclude[d] that Hobbs Act robbery constitutes a crime of

---

[2] The Section 2255 Motion does not allege that any ambiguity exists as to the "crime of violence" predicates for Petitioner's Section 924(c) convictions. (See Docket Entry 78, ¶ 12(Ground One)(a) (acknowledging that "Hobbs Act Robbery" served as predicate for each of Petitioner's Section 924(c) convictions, but arguing that "Hobbs Act Robbery is not categorically a crime of violence"); see also Docket Entry 1 at 2 (charging Petitioner in Count Two with Hobbs Act robbery corresponding to Section 924(c) charge in Count Three), 3-4 (charging Petitioner in Count Four with Hobbs Act robbery corresponding to Section 924(c) charge in Count Five); Docket Entry 86 at 2 ("Petitioner's [Section] 924(c) conviction[s] w[ere] . . . predicated on Hobbs Act robber[ies] . . . .").)

4

violence under the force clause of Section 924(c)," United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Accordingly, as "it plainly appears from the [Letter Motion and the Section 2255 M]otion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief, the [Court] must dismiss the [Letter Motion and the Section 2255 M]otion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings ("Section 2255 Rules"); see also Lloyd v. United States, Nos. 1:12CR449-2, 1:16CV627, 2019 WL 4600211, at *1 (M.D.N.C. Sept. 23, 2019) (unpublished) ("find[ing] that [analogous] claim fail[ed] on the merits" in light of Mathis).

**IT IS THEREFORE RECOMMENDED** that (A) the "Motion to Accept [the Section 2255 Motion] as Timely Filed" (Docket Entry 79) be denied as moot, and (B) the Letter Motion (Docket Entry 63) and the Section 2255 Motion (Docket Entry 78) be dismissed pursuant to Section 2255 Rule 4(b), without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
November 21, 2019