# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | 1:14-CR-23-1 |
| v. ) | |
| ) | |
| ) | |
| RANDALL GRAY WEBB, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c), (ECF 118), and Defendant's Letter Motion requesting a status update and appointment of an attorney. (ECF No. 132.) The Government filed a response opposing Defendant's request, (ECF No. 121), and Defendant replied. (ECF No. 122.) Thereafter, Notices of Appearance were filed by counsel on behalf of Defendant. (ECF 144-147.) With leave of Court, counsel filed a supplemental Memorandum in support of Defendant's Motion to Reduce Sentence re Compassionate Release. (ECF 150.) For the reasons discussed below, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 118), will be granted and Defendant's Letter Motion requesting a status update and appointment of counsel, (ECF No. 132), will be denied as moot.

## I.   BACKGROUND

Defendant is currently thirty-four years of age.  (ECF No. 31 at 2.)  Over several months in 2013, Defendant, along with a co-defendant, committed multiple robberies against convenience stores in the Winston-Salem, North Carolina area.  (*Id.* at 3-4.)  On May 29, 2014, Defendant pleaded guilty to two counts of carry and use, by brandishing, a firearm during and in relation to a crime of violence under 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2.  (ECF No. 39 at 1.)  Defendant was sentenced to 384 months of imprisonment, five years of supervised release, and restitution in the amount of $700.00.  (*Id.* at 1–3, 5.)  Defendant's current projected release date is November 29, 2040.[1]

In his motion for compassionate release, Defendant asks to be released because his current sentence is based on the "stacking" of his § 924(c) convictions, a procedure no longer allowed.  (ECF No. 118 at 1.)  He argues his case presents extraordinary and compelling reasons because if he was sentenced today his mandatory sentence for the same conduct would be reduced from 32 to 14 years, and his case presents a "gross disparity between the sentence imposed and the one he would likely receive today."  (ECF 150 at 3-4, 9.)  He also contends a consideration of factors under 18 U.S.C. § 3553(a) weighs in favor of reducing his sentence. (*Id.* at 19-22.)

The Government opposes the motion.  The Government contends Defendant's sentence is justified as his "actual conduct far exceeds the scope of his two counts of

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2025) (enter "30042-057" in BOP Register Number field).

conviction." (ECF No. 121 at 10.) The Government also argues a reduction in sentence "is not supported by the § 3553(a) factors." (*Id.* at 12.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record reflects that Defendant has filed requests for administrative relief with the Warden of FCI Bennettsville, (ECF No. 118 at 4–5; ECF No. 150-1 at 1), and the Government does not contest Defendant has satisfied the exhaustion requirement. (ECF No. 121 at 2.) Therefore, the Court will proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United*

3

*States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). A change in the law may be an extraordinary and compelling reasons to support a modification of sentence. *See Davis*, 99 F.4th at 654.

At sentencing, Defendant was sentenced to 84 months on Count Three and 300 months on Count Five, for a total sentence of 384 months imprisonment. (ECF No. 39 at 3.) Despite the charges being brought in a single case, the law at the time of sentencing classified Count Five as a "second or subsequent" conviction under 18 U.S.C. § 924(c) and triggered the mandatory minimum sentence of 300 months imprisonment. (ECF No. 31 ¶¶ 46-47.) The First Step Act, enacted after Defendant's sentencing, changed the process and requires that a second or subsequent conviction must "arise from a separate case" that is final. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). Although these changes were not made retroactive, the Fourth Circuit has recognized changes to § 924(c) from the First Step Act may be an extraordinary and compelling reason to support a modification of sentence. *See Davis*, 99 F.4th at 657-58; *McCoy*, 981 F.3d at 285-86. The sentencing commission policy guidelines recognize a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant correctly argues that as the law now exists, Count Five could not be treated as a second or successive offense under § 924(c).[2] Without the stacked sentences, the mandatory minimum sentencing exposure on Count Five would be reduced from 300 months to 84 months imprisonment and his overall mandatory sentencing exposure would be reduced by approximately eighteen years. *See* 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(C). His current 32-year sentence is more than double the mandatory minimum sentence he would face if sentenced today. Therefore, the record demonstrates both an unusually long sentence and a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law. Moreover, Defendant has served more than 10 years of his sentence. (ECF No. 39 at 2.) Consequently, the Court finds Defendant has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

**B.     Section 3553(a)**

Having found an extraordinary and compelling reason, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In considering a reduction in sentence, the Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to impose just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other

---

[2] Nor would Defendant otherwise have been subject to sentence enhancement under 924(c). His criminal history prior to this case was limited to misdemeanor convictions.

5

sentencing considerations weigh in favor of relief. 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). Relative youth together with a substantial sentence is also a relevant consideration in weighing a request for a reduction of sentence. *See McCoy*, 981 F.3d at 286.

The Court recognizes Defendant committed serious offenses and the crimes to which he pleaded guilty were part of a larger crime spree involving nine robberies. (ECF No. 31 ¶¶ 5–6, 19–25.) While none of the victims suffered physical injuries, the victims were certainly impacted and harmed by these offenses. The robberies involved very troubling conduct, with Defendant pointing firearms and threatening to kill the victims if they did not comply with his demands. (*Id.* ¶¶ 5-6.) Nonetheless, the Court finds a consideration of the factors overall warrant a reduction in sentence. Defendant was 24 years-old at the time of sentencing and prior to these offenses his criminal history was minimal and non-violent.[3] At the time of the crimes Defendant was suffering from addiction and substance abuse which may have contributed to his criminal behavior. Defendant has worked to address his addictions while incarcerated. (ECF No. 150 at 6.) Other post-conviction efforts by Defendant also weigh in his favor. Defendant has indicated he is a changed person and regrets his prior actions, and his behavior while in prison supports these statements. While incarcerated Defendant has obtained his GED, completed over 1,100 hours of additional programming focusing on

---

[3] Defendant had a traffic violation for failing to stop at a stop sign and juvenile adjudications for possession of marijuana, misdemeanor driving while impaired, and misdemeanor flee/elude arrest with motor vehicle. (ECF No. 31 ¶¶ 27–30).

welding and automotive skills, and became a yoga and meditation teacher. (ECF No. 118 at 6; ECF No. 150 at 18.)

Moreover, it is evident from the record that Defendant has envisioned a productive and law-abiding life when released and Defendant's actions show a commitment to these goals. Defendant has submitted letters from friends who speak to his generally good character and indicate they intend to help and support him if he is released. (ECF No. 150-2.) Defendant plans to support himself financially by using his automotive repair skills and continuing to teach yoga, and family friends have indicated a willingness to help him find employment. (ECF No. 150-3 at 9.) Defendant indicates he has remained in close contact with his family and plans to initially live with his sister and spend time with his mother. (*Id.*) Defendant indicates a willingness to work hard to do what is necessary if given a second chance. (*Id.* at 9.)

In weighing the appropriateness of a reduction, the Court also considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see United States v. Trotman*, 837 F. App'x 187, 188–89 (4th Cir. 2020). Defendant's co-defendant, who was also originally sentenced to 384 months due to sentence stacking under 924(c), was granted a reduction in sentence under § 3582(c)(1)(A)(i). *See United States v. Bernal*, No. 1:14-cr-23-2, (M.D.N.C. May 6, 2024) (unpublished) (Osteen, J.) The Court considers that fact and finds it weighs in favor of granting some reduction. However, the Court also recognizes Defendant played a significant role in these offenses and was the participant who directly confronted and threatened the victims at gunpoint. (ECF No. 31 ¶¶ 5-6.)

7

Finally, as the Court discussed above, a substantial part of Defendant's sentence was mandated based on a sentencing procedure that is now prohibited. If Defendant was sentenced today for the same offenses, his mandatory minimum sentence would be less than half of his current sentence, 18 years shorter. This indicates that a shorter sentence will not offend the goals of sentencing for these crimes. As the current sentencing scheme indicates, the need for just punishment, to protect the public, and to deter crime can be satisfied with a reduced sentence.

Accordingly, after an individualized consideration of the § 3553 factors, the Court finds a reduction in sentence is appropriate. With the goal of a sentence "sufficient, but not greater than necessary" the Court in its discretion will reduce the 300-month sentence on Count Five to 168 months.

### C.     Request for Status Update and Counsel

Defendant filed a Letter Motion requesting a status update and made a general request to have counsel appointed "if needed." (ECF No. 132 at 1.) Petitioner only makes this broad request and does not assert a particularized need for counsel. The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Moreover, after the motion was filed, notices of appearance were entered by counsel who have been representing Defendant. (ECF No. 144-147.) Regarding the request for a status update, since it was filed, counsel have been acting on Defendant's behalf and were granted leave by the Court to file a supplemental memorandum in support of his motion. (ECF No. 149.) Further, with the entry of this Order Defendant will have resolution of his

motion. Accordingly, the Court finds the matters raised in the Letter Motion (ECF No. 132) seeking a status update and counsel are moot.

Based on the reasons stated herein, the Court enters the following:

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 118), is **GRANTED** as follows:

Defendant's sentence on Count Three of the indictment remains unchanged at 84 months imprisonment.

Defendant's sentence on **Count Five** of the indictment is **reduced to 168 months imprisonment**, the time on Count Five **to run consecutively to Count Three**.

Defendant's sentence and sentencing conditions remain otherwise unchanged.

Defendant's Letter Motion requesting a status update and appointment of an attorney, (ECF No. 132), is **DENIED** as moot.

This, the 3rd day of February 2025.

                                        /s/ Loretta C. Biggs
                                        United States District Judge